MELÓN HNOS. & Co., *S. en C.*, Plantiff and Appellee, *v.* R. MUÑIZ DE LEÓN & CÍA., *S. en C.*, Defendant; JOSÉ R. VILLAMIL, Intervener and Appellant.

No. 7591.—Decided January 8, 1940.

Mr. Justice Travieso delivered the opinion of the Court.

This Court in deciding (on January 30, 1939) the appeal filed by José R. Villamil (54:171) against a decision of the District Court of San Juan dated November 9, 1936, expressed itself in the opinion in the following manner:

"Notwithstanding our express disapproval and censure of the lack of professional ethics involved in the fact that the attorney of the debtor and defendant partnership filed a complaint against and attached the goods of the partnership in the name of José R. Villamil a few days after the attachment of the goods of Melón Hnos. & Co., the attorney for the intervener and appellant in the present appeal, whom we presume knows all the antecedents of this case, incurs in the same lack of professional ethics, which we cannot overlook without stating that such an action is reproachable and should be censured. In the appeal No. 6332, *Melón Hnos. & Co., S. en C.,* v. *Muñiz de León,* 47 P.R.R. 87, attorney Francisco M. Susoni, Jr., appeared representing the defendant, member of the partnership R. Muñiz de León & Co., S. en C., to request the annulment of the first attachment made by Melón Hnos. & Co. In the appeal No. 6795, *Melón Hnos. & Co.* v. *R. Muñiz de León & Co.* and *José R. Villamil, intervener* who made the second attachment, the attorney Susoni represented the defendant partnership and the attorney J. J. Fuertes the intervener and appellee. See 49 P.R.R. 687. In the present case the notice of appeal appears signed by attorney Antonio Lens in the name of and representing the intervener José R. Villamil, and notified to F. M. Susoni Jr. as attorney of R. Muñiz de León & Co., S. en C. Notwithstanding this, the judgment roll is certified by F. M. Susoni, Jr., as attorney for José R. Villamil and the brief is also signed by F. M. Susoni, Jr., as attorney for the intervener and appellant José R. Villamil.

"It was undoubtedly that practice, which we have censured and which we advise the legal profession to abandon, that influenced the mind of the trial judge who, looking only into the moral aspect of the matter and interpreting as proof of a confabulation between the debtor partnership and the intervening creditor the fact that both were represented by the same attorney, stated in its judgment appealed from the following: . . ."

The attorney F. M. Susoni, Jr., upon being notified of said opinion and the judgment based on it, has filed be-

fore us the writing which he entitles "Motion praying for the modification of the opinion of January 30, 1939," and in which he alleges the following:

"Your petitioner wishes and it is his desire to explain his position before this Court so that the idea that they may have had of this attorney as a result of his professional representation in the above case may be eliminated completely from the minds of the judges of this Court.

"When the undersigned attorney moved his office to this City of San Juan in the year 1933, he took charge of all the cases of his uncle, attorney Antonio Lens Cuena, a resident of Arecibo, which might come up before this Court or any court of San Juan or before any governmental body.

"That as such representative, that is, in the name of the attorney Antonio Lens Cuena, on November 16, 1936, he certified together with the attorney of the plaintiff-appellee, the judgment roll in said case and in regard to the appeal before this Court.

"That your petitioner assumed the representation of the intervener appellant in the name of the attorney Antonio Lens Cuena, who because he is his uncle and because there is absolute confidence between them, did not take the precaution to have said fact appear in the record in this case nor in any other. This situation exists at the present time also in the petition for review from the Industrial Commission of Puerto Rico, No. 163, brought by Guillermo Silva v. Compañía Azucarera de Camuy, Inc., and which is now pending in this Court. In this case the name of Antonio Lens Cuena does not appear in the record, the truth being that the corporation Compañía Azucarera de Camuy is a client of Antonio Lens Cuena and not of your petitioner who appears representing him.

"That although your petitioner was not going to act personally in the name of the intervener-appellant but merely in representation of the attorney Antonio Lens Cuena, nevertheless he studied, considered and consulted his professional position before assuming the representation of his colleage after which and with the approval of the judge of the lower court, Carlos Llauger Díaz, your petitioner decided to assume said representation.

"That your petitioner acted as attorney for the commercial firm, R. Muñiz de León & Co., S. en C., against the plaintiff, Melón Hnos. & Co., S. en C., until June 26, 1934, when this Court said the following: (47 P.R.R. 84, 90).

" 'We have given some consideration to the question raised, feeling inclined to grant the amendment authorized by the lower court, in order to save the plaintiff the trouble of starting a new suit. . . .'

"That your petitioner has maintained since that date that R. Muñiz de León S. en C., is no longer a party to this suit and against said defendant nothing could be done from the date that the amendment had been denied and the attachment of its property made by the plaintiff-appellee had been annulled by final judgment of this Hon. Court.

"That as the appellant-intervenor has been brought by the plaintiff-appellee, Melón Hnos. & Co. S. en C., to this case in order to discuss the legality or illegality of the retention of the money by said appelle, this incident of priority of attachments does not involve in any way the commercial partnership R. Muñiz de León & Co., S. en C., because they are two acts relating to different cases, since the intervenor-appellant has not acted in this case against R. Muñiz de León & Co., S. en C., but only against Melón Hnos. & Co., S. en C.

"We assure this Hon. Court under the oath which we hereby take, that the part of the opinion of the judge of the lower court transcribed in the opinion of this Court (pp. 9 and 10 of the opinion) was not based on the professional acts of your petitioner since this attorney assumed said representation by express authority of said judge."

In deciding said motion of the attorney Susoni, we state now as we did before, that the practice followed in the proceedings of this case is censurable and should be discontinued.

Nevertheless, we are of the opinion that we should accept, so that they appear in the record, the reasons alleged by the attorney Susoni which tend to justify his acts in this case.